[Cite as *State v. Benedict*, 2021-Ohio-966.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-25 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-824 |
| | : | |
| ROBERT E. BENEDICT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of March, 2021.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. No. 0072135, 100 North Detroit Street, Xenia, Ohio 45385
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, Robert E. Benedict, appeals from his conviction, on his guilty plea, of failure to comply with an order or signal of a police officer. Specifically, he asserts the trial court erred by imposing a maximum sentence. Because we find no merit to this assertion, the trial court's judgment will be affirmed.

## Facts and Procedural History

{¶ 2} Benedict was indicted for failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a third-degree felony. Almost five months later, following a Crim.R. 11 plea hearing, Benedict pleaded guilty to the offense. After ordering a presentence investigation report and conducting a sentencing hearing, the trial court sentenced Benedict to the maximum 36-month prison sentence. This appeal followed.

## Analysis

{¶ 3} Benedict's sole assignment of error is as follows:

THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE ALLOW[ED] BY LAW.

{¶ 4} Appellate review of a felony sentence is controlled by R.C. 2953.08(G)(2), which states in relevant part as follows:

* * *

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence

that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 5} A "trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing [a] maximum or more than minimum sentenc[e]." (Citation omitted.) *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). But, this being said, the trial court "must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." (Citation omitted.) *Id.*

{¶ 6} Benedict's first argument in support of the assigned error is that the trial court "did not properly weigh the factors set forth in the revised code." Other than a separate discussion of R.C. 2929.11 and R.C. 2929.12, Benedict does not articulate the statutory factors to which he is referring. And, other than the R.C. 2929.11 purposes of felony sentencing and the R.C. 2929.12 sentencing factors, there are, in this case, no additional statutory provisions the trial court had to consider when reaching its sentencing decision. Thus, we find no merit to Benedict's first supporting argument.

{¶ 7} Benedict's second argument in support of the assigned error is that the trial court "did not give * * * due weight to [Benedict's] genuine remorse * * *." Benedict does not cite to and we have not found any authority to support a conclusion that a trial court's failure to appropriately consider a defendant's remorse is a basis upon which an appellate court may modify or vacate a felony sentence. Given this, there is no merit to Benedict's second argument in support of the assigned error.[1]

{¶ 8} Benedict's final supporting argument is that the "trial court failed to comply with R.C. 2929.11 and R.C. 2929.12." As discussed, when making a felony sentencing decision, a trial court must consider the R.C. 2929.11 purposes of felony sentencing and the R.C. 2929.12 felony sentencing factors, but there is no requirement for the trial court to make any on-the-record findings regarding R.C. 2929.11 and R.C. 2929.12. In this case, the sentencing hearing transcript reflects the trial court's consideration of R.C. 2929.11 and R.C. 2929.12.

{¶ 9} Moreover, after the briefs in this case were filed, the Ohio Supreme Court decided *State v. Jones*, Ohio Slip Opinion No. 2020-Ohio-6729, __ N.E.3d __. In *Jones*, the Supreme Court, noting that R.C. 2929.11 and R.C. 2929.12 "are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)," concluded that R.C. 2953.08(G)(2)(a) does not provide "a basis for an appellate court to modify or vacate a sentence based upon the lack of support in the record for the trial court's findings under R.C. 2929.11 or R.C. 2929.12." *Id.* at ¶ 28. *Jones* also concluded that R.C.

---

[1] The record reflects that Benedict, while fleeing the police on a rural highway and through residential neighborhoods, traveled in excess of 100 miles per hour, ignored red lights, and passed vehicles he encountered. The record further reflects that Benedict had 22 previous felony convictions and seven previous prison sentences. This presents a sharp contrast to the remorse Benedict expressed at the sentencing hearing.

2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a conclusion that the sentence is contrary to law because "the sentence is not supported by the record under R.C. 2929.11 and R.C. 2929.12." *Id.* at ¶ 39. Thus, Benedict's argument regarding the trial court's failure to comply with R.C. 2929.11 and R.C. 2929.12 is without merit.

{¶ 10} Having rejected each supporting argument, Benedict's sole assignment of error is overruled.

{¶ 11} The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

DONOVAN, J., concurs:

{¶ 12} I agree that the sentence in this case should be affirmed. However, I do not read *Jones* as broadly as the majority.

{¶ 13} Significantly, under R.C. 2929.12(E)(5), the court shall consider that "the offender shows genuine remorse for the offense."

{¶ 14} Conversely, although the trial court is not required to make explicit findings under R.C. 2929.12, it nevertheless shall consider under R.C. 2929.12(D)(5) that "the offender shows no genuine remorse for the offense."

{¶ 15} I recognize that the trial court is in the best position to evaluate the sincerity of an individual's claimed remorse. Nevertheless, it is a relevant sentencing consideration, and pursuant to statute is a mandatory factor to be weighed at sentencing. "The consideration of remorse or its absence as a mitigating or aggravating factor during

criminal sentencing is accepted in both federal and state courts." Zhong, *Judging Remorse,* 39 N.Y.U. Rev. L. & Soc. Change 133, 137 (2015).

{¶ 16} The majority seems to suggest that, because Benedict is a recidivist, he was likely not remorseful. Although the trial judge decides if an apology is sincere or merely aimed at a reduction of sentence, recidivism does not always indicate a feigned expression of remorse.

{¶ 17} The trial judge also should always determine what weight to give to an expression of remorse.

Copies sent to:

Marcy A. Vonderwell
Jay A. Adams
Successor of Hon. Stephen Wolaver