[Cite as *State v. Trent*, 2021-Ohio-3698.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-61 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-228 |
| | : | |
| RODNEY TRENT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of October, 2021.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

HILARY J. LERMAN, Atty. Reg. No. 0029975, 249 Wyoming Street, Dayton, Ohio 45409
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Rodney Trent, appeals from his convictions in the Clark County Court of Common Pleas after he pled no contest to one count of trafficking in cocaine and one count of tampering with evidence. In support of his appeal, Trent contends that the trial court erred by sentencing him to a prison term as opposed to community control sanctions. Specifically, Trent claims that the trial court's analysis of the seriousness and recidivism factors in R.C. 2929.12 and the sentencing guidelines in R.C. 2929.13 was against the manifest weight of the evidence. For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On April 9, 2018, a Clark County grand jury returned an indictment charging Trent with one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the third degree; one count of trafficking in cocaine in violation of R.C. 2925.03(A)(2), a felony of the fourth degree; one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the fourth degree; and one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree. The indictment also included a forfeiture specification for $2,462.16 in cash that was seized from Trent's person.

{¶ 3} The aforementioned charges arose after Trent fled from police in his vehicle after a traffic stop was initiated due to Trent's driving under suspension. Responding police officers pursued Trent's vehicle and then took Trent into custody following a foot chase. During the pursuit, Trent reached into his pocket and disposed of a bag

containing white powder, which was later established to be 6.49 grams of cocaine. After Trent was taken into custody, a pat-down search of his person yielded a digital scale covered with a trace amount of cocaine, a bag of marijuana, and $2,462.16 in cash. Two cell phones with pictures of Trent stored on them were also recovered at the scene of the pursuit.

{¶ 4} On January 8, 2019, Trent entered into a plea agreement with the State and pled no contest to one count of trafficking in cocaine and one count of tampering with evidence. In exchange for Trent's no contest pleas, the State dismissed the counts for failure to comply with the order or signal of a police officer and possession of cocaine. Trent also agreed to forfeit the $2,462.16 in cash that was seized from his person. The trial court accepted Trent's no contest pleas and found him guilty of trafficking in cocaine and tampering with evidence. The trial court then ordered a presentence investigation and scheduled Trent's sentencing hearing for January 30, 2019. Because Trent failed to appear at the sentencing hearing, the trial court issued a capias for his arrest.

{¶ 5} On September 9, 2020, Trent was arrested and thereafter sentenced on October 13, 2020. Prior to imposing a sentence, the trial court noted at the sentencing hearing that it had considered the purposes and principles of felony sentencing in R.C. 2929.11, the seriousness and recidivism factors in R.C. 2929.12, and the sentencing guidelines set forth in R.C. 2929.13. After discussing the relevant factors under R.C. 2929.12, and after noting that R.C. 2929.13 did not mandate community control sanctions, the trial court sentenced Trent to 18 months in prison for trafficking in cocaine and to 36 months in prison for tampering with evidence. The trial court then ordered those sentences to be served concurrently for an aggregate term of 36 months in prison.

{¶ 6} Trent now appeals from his convictions, raising a single assignment of error for review.

**Assignment of Error**

{¶ 7} Under his sole assignment of error, Trent contends that the trial court erred by sentencing him to a prison term as opposed to community control sanctions. Specifically, Trent claims that the trial court's analysis of the seriousness and recidivism factors in R.C. 2929.12 and the sentencing guidelines in R.C. 2929.13 was against the manifest weight of the evidence. Trent's argument fails for the following reasons.

{¶ 8} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain enumerated statutes, including R.C. 2929.13(B); or (2) the sentence is otherwise contrary to law. *Id*. at ¶ 9, citing R.C. 2953.08(G)(2).

{¶ 9} In this case, the trial court made a finding under R.C. 2929.13(B) that it was not required to impose community control sanctions because Trent was being sentenced for a charge that was greater than a felony of the fourth or fifth degree. The trial court's finding was based on R.C. 2929.13(B)(1)(a)(ii), which provides that:

> [I]f an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control

sanction or combination of community control sanctions if all of the following apply: * * * (ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree. * * *

{¶ 10} Upon review, we find that the trial court's finding was not clearly and convincingly unsupported by the record, as Trent was being sentenced for fourth-degree felony trafficking in cocaine *and* third-degree felony tampering with evidence. As a result, the trial court was simply required to comply with R.C. 2929.11 and R.C. 2929.12 when deciding whether to impose a prison term, as R.C. 2929.13(B)(2) provides that:

> If division (B)(1) of this section does not apply, * * * in determining whether to impose a prison term as a sanction for a felony of the fourth or fifth degree, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.

{¶ 11} Because the trial court's finding under R.C. 2929.13(B) was not unsupported by the record, and because none of the other statutes enumerated under R.C. 2953.08(G)(2) were applicable to this case, this court may modify or vacate Trent's sentence only if it clearly and convincingly finds that Trent's sentence is otherwise contrary to law. " '[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." (Citation omitted.) *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004-Ohio-169, ¶ 11. For example, "[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation

omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 12} "The trial court [however] has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). Therefore, "when making a felony sentencing decision, a trial court must consider the R.C. 2929.11 purposes of felony sentencing and the R.C. 2929.12 felony sentencing factors, but there is no requirement for the trial court to make any on-the-record findings regarding R.C. 2929.11 and R.C. 2929.12." *State v. Benedict*, 2d Dist. Greene No. 2020-CA-25, 2021-Ohio-966, ¶ 8.

{¶ 13} In this case, Trent is challenging the trial court's analysis under R.C. 2929.12 on grounds that it was against the manifest weight of the evidence. Such an argument essentially claims that the record does not support Trent's sentence under R.C. 2929.12. The Supreme Court of Ohio, however, recently explained that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. Therefore, "[w]hen reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we do not analyze whether those sentences are unsupported by the record." *State v. McDaniel*, 2d Dist. Darke No. 2020-CA-3, 2021-Ohio-1519, ¶ 11, citing *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18; *Jones* at ¶ 26-29. Instead, "[w]e simply must determine whether those sentences are contrary to law." *Dorsey* at ¶ 18.

{¶ 14} Here, the record establishes that Trent's aggregate 36-month prison sentence was not contrary to law. The trial court expressly stated at the sentencing hearing that it had considered the purposes and principles of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. *See* Sentencing Trans. (Oct. 13, 2020), p. 13 and 15-16. Although not required, the trial court also analyzed the relevant factors under R.C. 2929.12 on the record. While analyzing those factors, the trial court noted that Trent risked physical harm to persons and property while he was fleeing from officers. The trial court also noted that Trent had several adult felony and misdemeanor convictions dating back to 1995 for domestic violence, aggravated trafficking in drugs, possession of criminal tools, having weapons under disability, possession of drugs, driving under suspension, possession of cocaine, operating a vehicle while under the influence, driving without a license, and obstructing official business. The trial court also found that Trent had not responded favorably to previously imposed sanctions, lacked genuine remorse for his conduct, and scored high on the Ohio Risk Assessment Survey. Finally, the trial court considered the fact that Trent had failed to appear for his January 30, 2019 sentencing hearing.

{¶ 15} As previously noted, and in accordance with the Supreme Court of Ohio's decision in *Jones*, we need not determine whether these findings were unsupported by the record. It is enough that the record demonstrates that the trial court considered R.C. 2929.11 and R.C. 2929.12 prior to imposing its sentence. Therefore, because the record demonstrates that the trial court complied with its obligations under those statutes, and because Trent's individual prison terms were within the authorized statutory range, *see* R.C. 2929.14(A)(3)(b) and (A)(4), Trent's aggregate 36-month prison sentence was not

contrary to law and therefore may not be disturbed by this court.

{¶ 16} For the foregoing reasons, Trent's sole assignment of error is overruled.


## Conclusion

{¶ 17} Having overruled Trent's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


DONOVAN, J. and HALL, J., concur.


Copies sent to:

Ian A. Richardson
Hilary J. Lerman
Hon. Richard J. O'Neill