**[Cite as *State v. Loffing*, 2022-Ohio-408.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-44 |
| | : | |
| v. | : | Trial Court Case Nos. 2021-CR-202 |
| | : | |
| KYLE LOFFING | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of February, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

L. PATRICK MULLIGAN, Atty. Reg. No. 0016118, 28 North Wilkinson Street, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Kyle Loffing appeals from his conviction for pandering sexually oriented materials involving a minor following his guilty plea. The trial court imposed the maximum prison sentence, and Loffing contends that the sentence was contrary to law because the trial court showed bias against him by seeking to punish him for charges that were dismissed under a plea agreement. We find no error and affirm.

## I. Factual and Procedural Background

{¶ 2} In April 2021, Loffing was indicted on 25 charges based on his possession of child pornography: Counts 1-5, pandering sexually oriented materials involving a minor, in violation of R.C. 2907.322(A)(1); Counts 6-10, pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(5); Counts 11-20, pandering obscenity involving a minor, in violation of R.C. 2907.322(A)(5); and Counts 21-25, pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(5). Loffing had multiple images and pictures and at least six separate videos that each showed different children, at least one of whom was only four years old.

{¶ 3} Under a plea agreement, Loffing pleaded guilty to Count 1, pandering sexually oriented materials involving a minor, a second-degree felony, and the state dismissed the remaining charges and agreed to remain silent at sentencing. In July 2021, the trial court sentenced Loffing to an indefinite term of eight to twelve years in prison, the maximum sentence for the offense. He was also classified as a Tier II sexual offender.

{¶ 4} Loffing appeals.

## II. Analysis

{¶ 5} In his sole assignment of error, Loffing argues that his sentence must be

vacated because it is contrary to law.

{¶ 6} R.C. 2953.08(G)(2)(b) establishes the standard that we use to review Loffing's sentence. This provision permits an appellate court to vacate or modify a felony sentence on appeal if the court determines by clear and convincing evidence that the sentence is "contrary to law."

{¶ 7} Loffing argues that his sentence is contrary to law because the trial court improperly sought to punish him for the dismissed charges by imposing the maximum sentence. He argues that the record "belies the trial court's true purpose and objective in sentencing [him]: the trial court felt that the State's plea offer was too lenient and too generous." As evidence, Loffing points to the court's comment at the sentencing hearing: "the prosecutor did dismiss all the remaining counts involving videos and because of that I'm not sure why the Court should give you any further consideration." (Sentencing Tr. 11.) In support of his argument, Loffing relies on *State v. Fisher*, 11th Dist. Lake No. 2002-L-020, 2003-Ohio-3499, and *State v. Blake*, 3d Dist. Union No. 14-03-33, 2004-Ohio-1952. *Blake* acknowledges that a "trial court may consider allegations that form the basis of charges dismissed pursuant to a plea agreement when sentencing a defendant." *Blake* at ¶ 5. But the trial court's discretion is limited, and "cannot indicate a bias toward the defendant indicating that the trial court believes that the defendant is guilty of the charges which were dismissed." *Id.*, citing *Fisher* at ¶ 20-27. *Fisher* noted that the Ohio Supreme Court "has held that considering evidence relating to a past dismissed charge at the sentencing stage does not constitute reversible error." *Fisher* at ¶ 24, citing *State v. Wiles*, 59 Ohio St.3d 71, 78, 571 N.E.2d 97 (1991).

{¶ 8} Neither of these cases applies here. As both cases recognize, a trial court

may consider "a broad range of information" at sentencing, including charges that were dismissed under a plea agreement. *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 13-16 (2d Dist.). *See also State v. Tyree*, 2d Dist. Clark No. 2020-CA-26, 2021-Ohio-2217, ¶ 8. The problem in *Fisher* and *Blake* was that the trial courts imposed the maximum sentence based *solely* on their belief that the defendants had committed the dismissed charges—absent any evidence in the record—and should be punished for those charges. *See State v. Jordan*, 2d Dist. Clark No. 2020-CA-62, 2021-Ohio-2332, ¶ 37 (finding *Fisher* and *Blake* distinguishable on this basis for purposes of imposing consecutive sentences). Conversely, the record here contains evidence relevant to the court's consideration of the purposes of felony sentencing in R.C. 2929.11 and the seriousness factors in R.C. 2929.12. As the trial court noted, "the first six counts involve videos, separate videos with what I understand to have different children in each of them." (Sentencing Tr. 10.) Further, the court noted that "the police reports indicate that on at least one of the videos, there was a 4-year-old-girl being molested, performing oral sex on an adult male wearing a ski mask and actually being forced to submit to intercourse with a male." (*Id.*) It was based on the facts in this case that the trial court decided the maximum sentence was required to protect the community and punish Loffing. Loffing fails to convince us that the court exhibited an improper sentencing bias.

{¶ 9} We are not permitted to second guess the trial court's sentencing decision. "[A]n appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law[.]' " *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 32. "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate

a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. An appellate court may not "independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12," nor may it "modify or vacate a sentence based on its view that the sentence is not supported by the record under [those statutes]." *Id.* at ¶ 39, 42. Furthermore, "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Id.* at ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Nor is a trial court required to make any particular finding before imposing the authorized maximum sentence. *State v. Clark*, 2d Dist. Champaign No. 2020-CA-19, 2021-Ohio-1427, ¶ 22.

{¶ 10} In sum, when reviewing a felony sentence that is imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we do not look at whether the sentence is unsupported by the record but only whether the sentence is contrary to law. *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 11} Loffing's sentence is not contrary to law. The sentence is within the statutory range, and the judgment entry shows that the trial court considered the purposes and principles of felony sentencing in R.C. 2929.11 and balanced the seriousness and recidivism factors in R.C. 2929.12.

## III. Conclusion

**{¶ 12}** The sole assignment of error is overruled. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Ian A. Richardson
L. Patrick Mulligan
Hon. Douglas M. Rastatter