[Cite as *State v. Deer*, 2024-Ohio-753.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-35 |
| | : | |
| v. | : | Trial Court Case No. 2022 CR 0537 |
| | : | |
| TODD A. DEER | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 1, 2024

. . . . . . . . . . .

P.J. CONBOY, II, Attorney for Appellant

MEGAN A. HAMMOND, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Todd A. Deer appeals from his convictions in the Greene County Court of Common Pleas on five counts of aggravated trafficking in drugs and one count of tampering with evidence, all felonies of the third degree. He challenges the trial court's imposition of maximum and consecutive sentences. For the following reasons, we will affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} On December 2, 2022, Deer was charged in a 15-count indictment with seven counts of aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11(A) (one second-degree felony, five third-degree felonies, and one fifth-degree felony); six counts of aggravated trafficking in drugs (methamphetamine) in violation of R.C. 2925.03(A)(1) (one second-degree felony and five third-degree felonies); one count of tampering with evidence in violation of R.C. 2921.112(A)(1), a third-degree felony; and one count of possession of dangerous drugs (alprazolam) in violation of R.C. 4729.51(E)(1)(c), a first-degree misdemeanor. The charges arose from events that allegedly occurred on July 8, 13, 18, 20, 25, 27, and 29, 2022. The indictment also included two forfeiture specifications related to seized drugs, contraband, and paraphernalia, as well as $263 in cash.

{¶ 3} A jury trial was scheduled for April 17, 2023. However, approximately two weeks before the trial, the trial court vacated the trial date and scheduled a change of plea hearing for May 10, 2023. Under the parties' plea agreement, Deer would plead guilty to five trafficking charges (Counts 2, 4, 6, amended 10,[1] and 12) and to tampering with evidence (Count 14), all third-degree felonies, along with the forfeiture specifications. Deer further agreed to reimburse $740 to the Greene County ACE Task Force. In exchange for the plea, the remaining nine counts of the indictment would be dismissed. There was no agreement as to sentencing, but the State agreed to recommend a prison term not to exceed eight years and that any prison term be served concurrently with

---

[1] Count 10 was amended from a second-degree felony to a third-degree felony.

Deer's sentence in another case (Greene C.P. No. 2022 CR 0337).

{¶ 4} At the May 10, 2023 hearing, Deer entered guilty pleas in accordance with the plea agreement, and the court dismissed the nine additional counts. The court ordered a presentence investigation. Prior to sentencing, defense counsel filed an affidavit of indigency and a sentencing memorandum seeking community control sanctions or, alternatively, minimal jail time.

{¶ 5} A sentencing hearing was held on June 21, 2023, during which the court heard briefly from Deer, his attorney, and the prosecutor. The trial court then sentenced Deer to maximum terms of 36 months in prison for each of Counts 2, 4, 10 (amended), 12, and 14 and to 12 months in prison for Count 6. The court ordered the sentences for Counts 2, 4, and 6 to be served consecutively to each other and concurrently with the sentences for the other three counts. Deer's aggregate sentence was 84 months in prison. Deer was required to pay $740 to the Greene County ACE Task Force and court costs. The judgment entry further ordered forfeiture of the seized drugs, contraband, and $236 in cash.

{¶ 6} Deer appeals from his conviction, raising one assignment of error.

## II. Maximum and Consecutive Sentences

{¶ 7} In his sole assignment of error, Deer claims that the trial court erred in sentencing him. Specifically, he argues the trial court erred when it imposed maximum and consecutive sentences.

{¶ 8} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59

N.E.3d 1231, ¶ 7.   Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain enumerated statutes, or (2) the sentence is otherwise contrary to law.   *Id.* at ¶ 9, citing R.C. 2953.08(G)(2).

### A. Maximum Sentences

{¶ 9} "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.). Deer does not argue that his sentences were outside the permissible statutory range.

{¶ 10} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences."   *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.), citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus.   Therefore, "when making a felony sentencing decision, a trial court must consider the R.C. 2929.11 purposes of felony sentencing and the R.C. 2929.12 felony sentencing factors, but there is no requirement for the trial court to make any on-the-record findings regarding R.C. 2929.11 and R.C. 2929.12."   *State v. Benedict*, 2d Dist. Greene No. 2020-CA-25, 2021-Ohio-966, ¶ 8.   "It is enough that the record demonstrates that the trial court considered R.C. 2929.11 and R.C. 2929.12 prior to imposing its sentence."   *State v. Trent*, 2d Dist. Clark

No. 2020-CA-61, 2021-Ohio-3698, ¶ 15.

{¶ 11} In this case, the trial court stated at sentencing that it had considered "the record, oral statements, pre-sentence investigation report, all the factors in 2929.11 and .12; [and] balanced the seriousness and need for deterrence and incapacitation[.]" The court later said that, after considering the factors in R.C. 2929.11 and R.C. 2929.12, it found that a prison term was consistent with the purposes and principles of sentencing, that Deer was not amenable to community control, and that community control would demean the seriousness of the offenses. It similarly stated in its judgment entry that, "after considering the factors set forth in R.C. 2929.12, a prison term **is** consistent with the purposes of sentencing set forth in R.C. 2929.11 and the defendant **is not** amenable to an available community control sanction." (Emphasis sic.) The court then indicated the prison sentence it was imposing for each offense.

{¶ 12} Deer argues that the trial court failed to comply with its obligation to consider R.C. 2929.11 and R.C. 2929.12 because it failed to state that it had considered R.C. 2929.11 and 2929.12 when determining that maximum terms were necessary. We disagree. The record clearly establishes that the trial court considered R.C. 2929.11 (purposes of felony sentencing) and R.C. 2929.12 (factors to consider in felony sentencing) when determining what sentences were appropriate for Deer's offenses. The court was under no obligation to clarify that it had considered those statutes when deciding that maximum prison sentences were necessary. To the contrary, we have previously stressed that, even when a trial court does not explicitly mention the sentencing factors, we will presume on a silent record that the court considered them.

*E.g., State v. Six*, 2d Dist. Clark No. 2023-CA-1, 2023-Ohio-2892, ¶ 18. On this record, it is apparent that the trial court considered the statutory sentencing factors. Accordingly, Deer's maximum sentences were not contrary to law.

**B. Consecutive Sentences**

{¶ 13} Deer further contends that the trial court erred in ordering some offenses to be served consecutively. He asserts that we should review the trial court's consecutive-sentencing findings de novo, and he asks us to determine, upon review of his sentencing memorandum and the presentence investigation report, whether consecutive sentences were appropriate in this case.

{¶ 14} In general, it is presumed that prison terms will be served concurrently. R.C. 2929.41(A); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences"). However, after determining the sentence for a particular offense, a sentencing judge has discretion to order an offender to serve individual counts of a sentence consecutively to each other or to sentences imposed by other courts. *State v. Dillon*, 2d Dist. Greene No. 2020-CA-4, 2020-Ohio-5031, ¶ 44.

{¶ 15} Pursuant to R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it finds that (1) consecutive service is necessary to protect the public from future crime or punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following findings are made:

(a) The offender committed the offenses while awaiting trial or sentencing,

was under a sanction imposed pursuant to R.C. 2929.16, R.C. 2929.17, R.C. 2929.18, or was under post-release control;

(b) At least two of the offenses were committed as part of one or more courses of conduct, and the harm was so great that no single prison term adequately reflects the seriousness of the conduct;

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 16} "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Bonnell* at syllabus. "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 17} Contrary to Deer's assertion, we do not employ a de novo standard of review of the trial court's sentencing determination. In arguing that a de novo review is appropriate, Deer cites to *State v. Palmer*, 2d Dist. Clark No. 2022-CA-65, 2023-Ohio-1232, which employed the standard of review articulated by *State v. Gwynne*, Ohio Slip Opinion No. 2022-Ohio-4607, __ N.E.3d __, ¶ 23 (*Gwynne IV*). However, *Gwynne IV* was vacated on reconsideration, and the plurality opinion upon reconsideration indicated

that a de novo standard of review does not apply to an appellate court's review of a trial court's imposition of consecutive sentences. *State v. Gwynne*, Ohio Slip Opinion No. 2023-Ohio-3851, __ N.E.3d __, ¶ 22 (*Gwynne V*).

{¶ 18} Rather, "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *Gwynne V* at ¶ 5. *See State v. Polizzi*, 11th Dist. Lake No. 2020-L-016, 2024-Ohio-142, ¶ 9 (*Gwynne V* "essentially reinstated consecutive-sentencing appellate review which existed prior to the December 2022 decision").

{¶ 19} In this case, the trial court found during the sentencing hearing that (1) consecutive sentences were necessary to protect the public from future crime or to punish Deer, and (2) consecutive sentences were not disproportionate to the seriousness of Deer's conduct and the danger he posed to the public. It further found that Deer's history of criminal conduct demonstrated that consecutive service was necessary. The court elaborated:

> The Defendant has an extensive criminal history that exhibits behavior similar to the current case. In Greene County Case [No.] 2015 CR 0035, the Defendant's probation was revoked and he was sentenced to prison for Greene County Case No. 2015 CR 0035 for the violation of O.R.C. 2923.03(A)(2) and 2925.041, Complicity to Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a felony of the fourth degree. Along with that case, [and] the Defendant's previous convictions for

Domestic Violence[,] Attempted Felonious Assault[, and] Aggravated Possession of Drugs, the Defendant's history exhibits a pattern of behavior that indicates a consecutive prison term is necessary to protect the public.

The trial court repeated these findings in its judgment entry.

{¶ 20} The record shows that Deer pled guilty to five aggravated trafficking in drug offenses that were based on his conduct over several days in July 2022. He was 53 years old at sentencing, and the PSI showed that his criminal history dated back to 1995, when he was approximately 25 years old. In the previous ten years, he had felony convictions for drug-related activity, domestic violence, and attempted felonious assault, as well as multiple misdemeanor convictions, including criminal damaging, falsification, resisting arrest, violating a protection order, and operating a vehicle while under the influence (OVI), among others. In 2017, Deer's community control in a drug case was revoked and he was sentenced to prison. In 2018, he again was sentenced to prison for attempted felonious assault and domestic violence. Deer was serving a jail sentence as part of his community control sanctions for aggravated possession of drugs when he entered his plea in this case. On this record, we cannot conclude that the trial court's consecutive-sentencing findings were clearly and convincingly unsupported by the record.

{¶ 21} Deer's sole assignment of error is overruled.

### III. Conclusion

{¶ 22} Having overruled the assignment of error, we will affirm the judgment of the trial court.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.