[Cite as *State v. Daniels*, 2025-Ohio-4876.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-21 |
| Appellee | : | |
| | : | Trial Court Case No. 24-CR-0762(C) |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| HALEY DANIELS | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on October 24, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

RONALD C. LEWIS, JUDGE

TUCKER, J., and HANSEMAN, J., concur.

THOMAS W. KIDD, JR., Attorney for Appellant
CHRISTOPHER P. LANESE, Attorney for Appellee

LEWIS, J.

{¶ 1} Defendant-Appellant Haley Daniels appeals from her conviction of one count of complicity to felonious assault in the Clark County Common Pleas Court. For the following reasons, we affirm the judgment of the trial court.

## I. Course of Proceedings

{¶ 2} On October 16, 2024, a Clark County grand jury indicted Daniels on one count of attempted murder in violation of R.C. 2903.02(A); one count of felonious assault in violation of R.C. 2903.11(A)(2); one count of receiving stolen property in violation of R.C. 2913.51(A); two counts of carrying a concealed weapon in violation of R.C. 2923.12(A); and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2). The first three counts had firearm specifications. Daniels pleaded not guilty to all counts.

{¶ 3} Daniels subsequently entered into a plea agreement. Daniels agreed to plead guilty to one count of complicity to felonious assault, a second-degree felony in violation of R.C. 2923.03(A) and 2903.11, in exchange for the dismissal of the remaining counts of the indictment, including all firearm specifications. On February 20, 2025, Daniels pleaded guilty to one count of complicity to felonious assault, upon which the trial court found Daniels guilty of the offense. That same day, the trial court ordered the preparation of a pre-sentence investigation ("PSI") report.

2

{¶ 4} On March 13, 2025, the trial court held a sentencing hearing and issued its sentencing entry. The court sentenced Daniels to an indefinite prison term of 8 to 12 years with 159 days of jail-time credit. Daniels filed a timely notice of appeal.

## II. The Maximum Sentence Imposed on Daniels Is Not Clearly and Convincingly Contrary to Law

{¶ 5} Daniels's first assignment of error states:

THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE WITHOUT PROPERLY CONSIDERING THE STATUTORY SENTENCING FACTORS AND BY IMPERMISSIBLY RELYING ON DISMISSED CHARGES, IN VIOLATION OF THE DEFENDANT'S DUE PROCESS RIGHTS AND R.C. 2929.11 AND 2929.12.

{¶ 6} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 7. Under this statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain enumerated statutes, or (2) the sentence is otherwise contrary to law. *Id.* at ¶ 9, citing R.C. 2953.08(G)(2).

{¶ 7} "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *State v. Brown*, 2017-Ohio-8416, ¶ 74 (2d Dist.), citing *State v. Pawlak*, 2016-Ohio-5926, ¶ 58 (8th Dist.). Daniels does not argue that the prison sentence of eight to twelve years imposed by the trial court was outside the permissible statutory range, as the sentence was indeed within the authorized range. *See* R.C. 2929.14(A)(2)(a).

{¶ 8} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.), citing *State v. Foster*, 2006-Ohio-856, paragraph seven of the syllabus. Therefore, "when making a felony sentencing decision, a trial court must consider the R.C. 2929.11 purposes of felony sentencing and the R.C. 2929.12 felony sentencing factors, but there is no requirement for the trial court to make any on-the-record findings regarding R.C. 2929.11 and R.C. 2929.12." *State v. Benedict*, 2021-Ohio-966, ¶ 8 (2d Dist.). "It is enough that the record demonstrates that the trial court considered R.C. 2929.11 and R.C. 2929.12 prior to imposing its sentence." *State v. Trent*, 2021-Ohio-3698, ¶ 15 (2d Dist.).

{¶ 9} Daniels contends that the trial court failed to comply with its obligation to consider R.C. 2929.11 and R.C. 2929.12 because it did not state at the sentencing hearing that it had considered R.C. 2929.11 and 2929.12 when deciding to impose a maximum prison term. However, "[t]his court has often explained that a defendant's sentence is not contrary to law when the trial court expressly stated in its sentencing entry that it had considered R.C. 2929.11 and R.C. 2929.12, even if it neglected to mention these statutes at the disposition." *State v. Bowen*, 2025-Ohio-1273, ¶ 9 (2d Dist.), citing *State v. Walden*, 2016-Ohio-47, ¶ 10 (2d Dist.), *State v. Battle*, 2014-Ohio-4502, ¶ 15 (2d Dist.), and *State v. Miller*, 2010-Ohio-2138, ¶ 43 (2d Dist.). In its March 13, 2025 sentencing entry, the trial court stated that it "considered the PSI, record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12."

{¶ 10} Daniels also contends that the trial court impermissibly emphasized that Daniels had originally been charged with attempted murder and a firearm specification. Based on our review of the record, we do not agree. "[I]t is well established in Ohio law that the court may consider information beyond that strictly related to the conviction offense." *State v. Bowser*, 2010-Ohio-951, ¶ 15 (2d Dist.). Further, "we have said that a sentencing court may consider a criminal charge and supporting facts that are dismissed under a plea agreement." *Id.* at ¶ 16. But if a trial court imposes a maximum sentence based solely on its belief that a defendant had committed the dismissed charges—absent any evidence in the record—and should be punished for those dismissed charges, then the sentence may be contrary to law. *See State v. Loffing*, 2022-Ohio-408, ¶ 8 (2d Dist.) (distinguishing *State v. Fischer*, 2003-Ohio-3499 (11th Dist.), and *State v. Blake*, 2004-Ohio-1952 (3d Dist.)).

{¶ 11} At the beginning of the March 13, 2025 sentencing hearing, the trial court noted that it had reviewed the PSI and Daniels's sentencing memorandum. The court then received oral statements from Daniels and the victim's mother. Daniels stated that she did not intend for the victim to get shot and that she was sorry "for this senseless act of violence." The victim's mother then discussed the emotional, physical, and mental toll that she and the victim had suffered since the victim was shot. She asked the trial court to impose a maximum prison sentence on Daniels. The trial court also asked the prosecutor several questions about the facts that led up to the shooting of the victim.

{¶ 12} The PSI contains Daniels's version of events that led to the shooting of the victim. She told the probation officer that after accompanying the two shooting suspects to the place where the victim was shot, she wanted to stay to help the victim but was threatened by one of the suspects. Daniels stated that she knew the two suspects had guns but did not know either suspect was going to shoot the victim. She admitted that after the shooting,

5

they went to her stepbrother's house to find bleach because she did not have bleach at her house. Attached to the PSI were several documents that revealed additional details of the circumstances surrounding Daniels's offense, including a probable cause affidavit completed by Detective J. Massie relating to whether there was probable cause to arrest Daniels. The probable cause affidavit included evidence that Daniels changed her story about which suspect shot the victim after she was confronted with the identification of the suspect who shot the victim. Deleted messages on the cell phone of a co-defendant, Shaylynn Ackerman, showed that she had communicated with Daniels and was complicit in getting the suspects to the area where the victim was shot. Detectives also spoke with a witness who stated the shooting suspects and Daniels were at an apartment scrubbing their hands to destroy gunshot residue evidence.

{¶ 13} Based on our review of the record, we cannot conclude that the maximum sentence imposed on Daniels was clearly and convincingly contrary to law. Therefore, the first assignment of error is overruled.

### III. The Indefinite Sentence Imposed by the Trial Court Did Not Violate Daniels's Constitutional Right to Due Process

{¶ 14} Daniels's second assignment of error states:

THE IMPOSITION OF AN INDEFINITE SENTENCE UNDER THE REAGAN TOKES LAW VIOLATES THE DEFENDANT'S RIGHTS TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶ 15} In the second assignment of error, Daniels contends that the Reagan Tokes Law's "delegation of sentencing authority to a non-judicial body without meaningful procedural protections arguably violates the due process guarantees of the Fifth and

6

Fourteenth Amendments to the U.S. Constitution." Appellant's Brief, p. 7. Daniels acknowledges that the Ohio Supreme Court has upheld the Reagan Tokes Law against constitutional challenges. *Id.*, citing *State v. Hacker*, 2023-Ohio-2535. According to Daniels, "this assignment of error is raised to preserve the issue should Daniels seek federal habeas corpus review at a later date." *Id.* Daniels concludes, "No further relief is requested on direct appeal, but the assignment of error is brought for exhaustion of state remedies under *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)." *Id.*

{¶ 16} Daniels did not raise a constitutional challenge to the Reagan Tokes Law at the trial court level. We agree with both Daniels and the State that the Ohio Supreme Court's decision in *Hacker* rejected a constitutional challenge similar to the one raised in this assignment of error. Therefore, Daniels's second assignment of error is overruled.

### IV. Conclusion

{¶ 17} Having overruled both assignments of error, we affirm the judgment of the trial court.

. . . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.

7