[Cite as *State v. Seiker*, 2026-Ohio-1073.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | : C.A. No. 2025-CA-59 |
| Appellee | : |
| | : Trial Court Case No. 24-CR-0724(B) |
| v. | : |
| | : (Criminal Appeal from Common Pleas |
| ANGEL SEIKER | : Court) |
| | : |
| Appellant | : **FINAL JUDGMENT ENTRY &** |
| | : **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on March 27, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

MICHAEL L. TUCKER, JUDGE

HUFFMAN, J., and HANSEMAN, J., concur.

CHIMA R. EKEH, Attorney for Appellant
JOHN M. LINTZ, Attorney for Appellee

TUCKER, J.

{¶ 1} Defendant-appellant Angel Seiker appeals from her conviction of permitting child abuse. For the reasons set forth below, we affirm.

## I. Factual and Procedural History

{¶ 2} This case arises from the death of a four-month-old infant. An autopsy revealed the infant's death was the result of "blunt force trauma to the head." The record indicated the infant had a parietal skull fracture, bone fractures in both arms, and a fracture to the left femur. The infant also had bilateral rib fractures that were healing at the time he died.

{¶ 3} Following an investigation, Seiker was indicted on two counts of murder, one count of felonious assault, one count of endangering children, and one count of permitting child abuse. Following plea negotiations, Seiker agreed to enter a guilty plea to the charge of permitting child abuse, a first degree felony. In exchange, the State agreed to dismiss the remaining counts. No agreement was reached regarding sentencing.

{¶ 4} A plea hearing was conducted on March 3, 2025, at which time the trial court accepted Seiker's plea. A sentencing hearing was held a few days later where the trial court sentenced Seiker to an indefinite prison term of 11 to 16.5 years.

{¶ 5} Seiker appeals.

## II. Sentence

{¶ 6} Seiker asserts the following as her sole assignment of error:

APPELLANT'S SENTENCE IS CONTRARY TO LAW.

**{¶ 7}** When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 7. Under this statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain enumerated statutes, or (2) the sentence is otherwise contrary to law. *Id.* at ¶ 9, citing R.C. 2953.08(G)(2).

**{¶ 8}** "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, ¶ 74 (2d Dist.).

**{¶ 9}** Seiker concedes her sentence was within the permissible statutory range for first-degree felonies. But she claims that the trial court failed to consider either R.C. 2929.11 or R.C. 2929.12. In support, she notes the court did not refer to either statute during the sentencing hearing.

**{¶ 10}** "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.), citing *State v. Foster*, 2006-Ohio-856, paragraph seven of the syllabus. Therefore, "when making a felony sentencing decision, a trial court must consider the R.C. 2929.11 purposes of felony sentencing and the R.C. 2929.12 felony sentencing factors, but there is no requirement for the trial court to make any on-the-record findings regarding R.C. 2929.11 and R.C. 2929.12." *State v. Benedict*, 2021-Ohio-966, ¶ 8 (2d Dist.). "It is enough that the record demonstrates that the trial court considered R.C. 2929.11 and R.C. 2929.12 prior to imposing its sentence." *State v. Trent*, 2021-Ohio-3698, ¶ 15 (2d Dist.).

{¶ 11} "'This court has often explained that a defendant's sentence is not contrary to law when the trial court expressly stated in its sentencing entry that it had considered R.C. 2929.11 and R.C. 2929.12, even if it neglected to mention these statutes at the disposition.'" *State v. Daniels*, 2025-Ohio-4876, ¶ 9 (2d Dist.), quoting *State v. Bowen*, 2025-Ohio-1273, ¶ 9 (2d Dist.), citing *State v. Walden*, 2016-Ohio-47, ¶ 10 (2d Dist.); *State v. Battle*, 2014-Ohio-4502, ¶ 15 (2d Dist.); *State v. Miller*, 2010-Ohio-2138, ¶ 43 (2d Dist.).

{¶ 12} In its judgment entry, the trial court stated that it "considered the PSI, record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11 and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12."

{¶ 13} Based on this record, we find no merit in Seiker's claim that the trial court failed to consider the appropriate statutory factors in sentencing. Accordingly, the sole assignment of error is overruled.

### III. Conclusion

{¶ 14} Having overruled Seiker's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HUFFMAN, J., and HANSEMAN, J., concur.