[Cite as *State v. Taylor*, 2026-Ohio-1306.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | :   C.A. No. 2025-CA-51 |
| Appellee | : |
| | :   Trial Court Case No. 2025CR0174 |
| v. | : |
| | :   (Criminal Appeal from Common Pleas |
| NANCY JEAN TAYLOR | :   Court) |
| | : |
| Appellant | :   **FINAL JUDGMENT ENTRY &** |
| | :   **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on April 10, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

TUCKER, J., and HUFFMAN, J., concur.

HOLLY M. SIMPSON, Attorney for Appellant
MEGAN A. HAMMOND, Attorney for Appellee

HANSEMAN, J.

{¶ 1} Nancy Jean Taylor appeals from the 30-month prison sentence she received in the Greene County Court of Common Pleas after she pleaded guilty to theft from a person in a protected class. In support of her appeal, Taylor contends that her prison sentence is contrary to law because the trial court misapplied the sentencing factors in R.C. 2929.11 and 2929.12. Taylor also claims that her prison sentence is excessive and unsupported by the record. For the reasons outlined below, the trial court's sentencing judgment is affirmed.

**Facts and Course of Proceedings**

{¶ 2} On August 11, 2025, Taylor pleaded guilty to one count of theft from a person in a protected class in violation of R.C. 2913.02(A)(3) and (B)(3), a felony of the third degree. The offense stemmed from Taylor stealing $7,504 from an elderly client who had paid Taylor to serve as her travel agent for the purpose of booking a Disney cruise and corresponding travel arrangements. Taylor did not make the agreed-upon travel arrangements for the victim and did not refund the victim's money. The trial court accepted Taylor's guilty plea and ordered a presentence investigation for sentencing. A restitution hearing was held, and the matter proceeded to sentencing on October 2, 2025.

{¶ 3} The parties had no agreement as to sentencing. During the sentencing hearing, the State argued for a sentence of no less than 12 months in prison, while Taylor argued for community control sanctions. Taylor addressed the trial court and admitted to having a felony record. She also admitted to using the victim's money to pay for bonds after she was

2

arrested for another matter in Boone County, Kentucky. When the trial court asked why she committed financial crimes, Taylor claimed that she had not meant any harm, but she got overwhelmed with stress and made bad decisions. The record indicates that Taylor has a criminal history dating back to 1987.

{¶ 4} After hearing oral statements from counsel, Taylor, and the victim, and after the trial court indicated that it had considered the presentence investigation report, victim impact statement, purposes and principles of felony sentencing in R.C. 2929.11, and seriousness and recidivism factors in R.C. 2929.12, the trial court ordered Taylor to serve 30 months in prison and to pay the victim $7,500.04 in restitution.[1]

{¶ 5} Taylor now appeals from her sentence and raises two assignments of error for review. Because they are interrelated, we address Taylor's assignments of error together.

**Assignments of Error**

{¶ 6} Under her first assignment of error, Taylor claims that her 30-month prison sentence is contrary to law because the trial court misapplied the sentencing factors in R.C. 2929.11 and 2929.12. Under her second assignment of error, Taylor claims that her 30-month prison sentence was excessive and unsupported by the record. Taylor's claims lack merit.

{¶ 7} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 1, 7. Under that statute, an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under certain enumerated statutes or that the sentence is otherwise contrary

---

1. The record does not indicate why the trial court's restitution order deviated slightly from the victim's claimed loss of $7,504.

3

to law. *Id*. at ¶ 1, 9. Here, the trial court was not required to make any findings under the relevant statutes enumerated in R.C. 2953.08(G)(2); therefore, Taylor's sentence may be modified or vacated on appeal only if the sentence is otherwise contrary to law.

{¶ 8} "'[O]therwise contrary to law' means '"in violation of statute or legal regulations at a given time."'" *State v. Bryant*, 2022-Ohio-1878, ¶ 22, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* (6th Ed. 1990). For example, "'[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" (Bracketed text in original.) *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.), quoting *State v. Brown*, 2017-Ohio-8416, ¶ 74 (2d Dist.).

{¶ 9} We note that "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.). However, "when making a felony sentencing decision, a trial court must consider the R.C. 2929.11 purposes of felony sentencing and the R.C. 2929.12 felony sentencing factors, but there is no requirement for the trial court to make any on-the-record findings regarding R.C. 2929.11 and R.C. 2929.12." *State v. Benedict*, 2021-Ohio-966, ¶ 8 (2d Dist.); *Jones* at ¶ 20. "It is enough that the record demonstrates that the trial court considered R.C. 2929.11 and R.C. 2929.12 prior to imposing its sentence." *State v. Trent*, 2021-Ohio-3698, ¶ 15 (2d Dist.).

{¶ 10} Significantly, "R.C. 2953.08(G)(2)(b) . . . does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 39. This is because

"[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id*. at ¶ 42. "Therefore, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and 2929.12, this court does not analyze whether those sentences are unsupported by the record, but only whether they are contrary to law." *State v. Stevens*, 2023-Ohio-3510, ¶ 19 (2d Dist.), citing *Dorsey* at ¶ 18.

{¶ 11} In this case, Taylor's 30-month prison sentence is not contrary to law. It is within the authorized statutory range for third-degree felonies, *see* R.C. 2929.14(A)(3)(b), and prior to imposing the sentence, the trial court indicated that it had considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *See* Sentencing Hearing (Oct. 2, 2025) Tr. 13; Sentencing Entry (Oct. 2, 2025). Because the trial court made the required sentencing considerations under R.C. 2929.11 and 2929.12, and because the 30-month prison sentence is within the authorized statutory range for third-degree felonies, there is no basis on which this court can modify or vacate Taylor's sentence.

{¶ 12} Taylor's first and second assignments of error are overruled.

### Conclusion

{¶ 13} Having overruled Taylor's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and HUFFMAN, J., concur.

5