[Cite as *State v. Strong*, 2018-Ohio-5289.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Thomas Strong

Appellant

Court of Appeals Nos. L-18-1049
                                  L-18-1050

Trial Court Nos. CR0201702510
                          CR0201702776

**DECISION AND JUDGMENT**

Decided:  December 28, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Brian Morrissey, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} In this consolidated appeal, appellant, Thomas Strong, appeals the

February 8, 2018 judgments of the Lucas County Court of Common Pleas convicting him

for receiving stolen property in violation of R.C. 2913.51(A) and (C), a felony of the

fourth degree, and for failure to comply with an order or signal of a police officer in

violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a felony of the third degree. Finding no error, we affirm.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

1. The Trial Court Was Not Able To Assess The Necessary Factors At Sentencing Under R.C. 2921.331(C)(5)(b).

2. The Trial Court Could Not Find That Appellant Had Violated R.C. 2921.331(C)(5)(a)(i) or (ii).

## Background

{¶ 3} On August 30, 2017, appellant was charged with receiving stolen property and improperly handling a firearm in a motor vehicle. This is case No. CR0201702510.

{¶ 4} On October 13, 2017, a second indictment was filed in which appellant was charged with failure to comply with the signal of an officer, two counts of receiving stolen property, obstruction of official business, and no operator's license. This is case No. CR0201702776.

{¶ 5} After numerous continuances, a plea hearing was held for appellant on January 28, 2018. At the hearing, appellant pled guilty to a count of receiving stolen property from CR0201702510, and a count of failure to comply from CR0201702776. The prosecutor clarified that all remaining counts against appellant were to be dismissed at sentencing.

2.

**{¶ 6}** Sentencing was held on February 7, 2018. The trial court sentenced appellant to 12 months for receiving stolen property and 24 months for failure to comply. These sentences were journalized in two separate entries on February 8, 2018. Appellant timely appeals.

### Assignment of Error No. 1

**{¶ 7}** Appellant first argues the trial court did not properly assess necessary sentencing factors under R.C. 2921.331(C)(5)(b), because the alleged facts of the case were not read into the record. Appellee responds, arguing that appellant pled guilty to violating that specific code section, and that the court had access to facts set out in appellant's presentence investigation report (PSI).

**{¶ 8}** R.C. 2921.331(B) and (C)(5)(b) provide as follows:

> **(B)** No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

> **(C) * * * 5) * * * (b)** If a police officer pursues an offender who is violating division (B) of this section and division (C)(5)(a) of this section applies, the sentencing court, in determining the seriousness of an offender's conduct for purposes of sentencing the offender for a violation of division (B) of this section, shall consider, along with the factors set forth in sections 2929.12 and 2929.13 of the Revised Code that are required to be considered, all of the following:

3.

**(i)** The duration of the pursuit;

**(ii)** The distance of the pursuit;

**(iii)** The rate of speed at which the offender operated the motor vehicle during the pursuit;

**(iv)** Whether the offender failed to stop for traffic lights or stop signs during the pursuit;

**(v)** The number of traffic lights or stop signs for which the offender failed to stop during the pursuit;

**(vi)** Whether the offender operated the motor vehicle during the pursuit without lighted lights during a time when lighted lights are required;

**(vii)** Whether the offender committed a moving violation during the pursuit;

**(viii)** The number of moving violations the offender committed during the pursuit;

**(ix)** Any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense.

**{¶ 9}** Here, appellant points to *State v. Anderson*, 8th Dist. Cuyahoga No. 83285, 2004-Ohio-2858, and to *State v. Deal*, 8th Dist. Cuyahoga No. 93969, 2010-Ohio-4490, to support the proposition that the facts of a case must be read into the record for the trial court to properly consider the factors set out in R.C. 2921.331(C)(5)(b), supra.

4.

{¶ 10} We are unpersuaded for two reasons.

{¶ 11} First, we find appellant waived rights to challenge his sentencing based on lack of factual basis in the record, where he pled guilty to the very code section under which he was sentenced.

{¶ 12} More specifically, appellant pled guilty to R.C. 2921.331(B) and (C)(5)(a)(ii), that being a felony of the third degree. Based on our review of the record, the trial court was explicit about the nature and effects of his pleading to this charge.

> [COURT]: The charges to which you intend to plead guilty today are as follows. The one case, receiving stolen property, a felony of the fourth degree, in violation of 2913.51(A) and (C) of the Revised Code. As to the other case, failure to comply with an order or signal of a police officer, that's a felony of the third degree in violation of Revised Code 2921.331(B) and (C)(a)(ii). Do you understand the nature of those charges?

> [APPELLANT]: Yes, Your Honor.

> [COURT]: Do you understand that the effect of your guilty plea to these charges is that you completely admit your guilt?

> [APPELLANT]: Yes.

> [COURT]: Do you understand that the penalties which could be imposed for these offenses are as follows: As to receiving stolen property, up to eighteen months of incarceration, a maximum fine of five thousand

5.

dollars, and as to failure to comply, up to thirty-six months of incarceration, a maximum fine of ten thousand dollars.

[APPELLANT]:  Yes. * * *

[COURT]:  Do you that since you're pleading to two different offenses, I have to decide—I would usually have to decide whether to run your sentences concurrently or consecutively, but it I were to impose a prison sentence in each of these cases, they would have to run consecutively by operation of law; that is, one after the other?

[APPELLANT]:  Yes.

[COURT]:  Do you understand that means you could serve a maximum total consecutive sentence of fifty-four months?

[APPELLANT]:  Yes.

{¶ 13} Crim.R. 11(B)(1) explicitly states, "[t]he plea of guilty is a complete admission of the defendant's guilt."

{¶ 14} Further, "a plea of guilty, from an early period in the history of criminal procedure, * * * has been regarded as an admission of every material fact well pleaded in the indictment, dispensing with the necessity of proving them, and authorizing the court to proceed to judgment."  *Craig v. State*, 49 Ohio St. 415, 418, 30 N.E. 1120 (1892).  *See also State v. Post*, 32 Ohio St.3d 380, 387, 513 N.E.2d 754 (1987) "Crim.R. 11 does not require the trial court to establish a factual basis for the plea before its acceptance.").

6.

{¶ 15} In this case, appellant does not dispute that he knowingly and voluntarily entered into a plea agreement, and we find this plea eliminated his opportunity to challenge his conviction based on a lack of factual basis in the record. It is proper to regard his plea as a complete admission of guilt to those charges for which he pled guilty. *See* Crim.R. 11(B)(1), supra.

{¶ 16} Second, we find the trial court had access to the facts of the offense because there was a detailed account of those facts in appellant's PSI.

{¶ 17} In specific, the PSI in CR0201702776 states in relevant part as follows:

As to CR17-2776: According to available police reports, on 10/1/17 at approximately 1:44 a.m., Toledo Police officers responded to Batavia Street and Fulton Street on a report of a robbery with shots fired. Upon arrival to the area, officers observed a white vehicle matching the description of the one involved in the robbery, fleeing the area at a high rate of speed. In an attempt to conduct a traffic stop, the officer engaged both the overhead lights and the siren of the police vehicle. However, the driver failed to comply, increasing its rate of speed.

In the area of Delaware Avenue and Fulton Street, the car slowed, at which time the driver, later identified as [appellant], vacated the vehicle while it was still in motion. The vehicle ultimately came to rest in a field after it passed in front of an occupied vehicle at an intersection.

7.

Upon fleeing the vehicle, a foot pursuit ensued, at which time [appellant] fled through alleys and yards, jumped a fence, and attempted to hide under a truck located in a yard at 2466 Fulton Street. [Appellant] had to be physically removed from underneath the truck as he failed to comply with the officers' verbal commands. [Appellant] was transported to the Safety Building, and then to LCCC where he was booked without incident.

{¶ 18} At the sentencing hearing and in the journal entry, the trial court stated and confirmed that it had reviewed the PSI. We, thus, find the court had access to the facts set out in appellant's PSI.

{¶ 19} We note that "[t]he court is not required by statute or otherwise to state its consideration of those statutory factors" set forth in R.C. 2921.331(C)(5)(b), regarding the offense of failure to comply with the order or signal of a police officer, "on the record nor to make any specific finding in relation thereto." *See Deal*, 8th Dist. Cuyahoga No. 93969, 2010-Ohio-4490, at ¶ 54.

{¶ 20} Accordingly, appellant's first assignment of error is not well-taken.

## Assignment of Error No. 2

{¶ 21} Appellant secondly argues the trial court could not have found that appellant violated R.C. 2921.331(C)(5)(a), because the alleged facts of the case were not read into the record. Appellee counters, again arguing that appellant pled guilty and that the court had access to facts in the PSI report.

8.

{¶ 22} R.C. 2921.331(C)(5)(a) states:

(C)* * *(5) * * * (a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:

(i) The operation of the motor vehicle by the offender was a proximate cause of serious physical harm to persons or property.

(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

{¶ 23} For the same reasons the first assigned error has no merit, we find against this second assigned error.

## Conclusion

{¶ 24} The judgments of the Lucas County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                        _____
                                                       JUDGE

Arlene Singer, J.

                                               _____
Thomas J. Osowik, J.                                          JUDGE
CONCUR.

                                               _____
                                                       JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.