[Cite as *State v. Standifer*, 2022-Ohio-2426.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-2 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-428 |
| | : | |
| CAMERYN STANDIFER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of July, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

THOMAS W. KIDD, JR., Atty. Reg. No. 0066359, P.O. Box 231, Harveysburg, Ohio 45032
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant, Cameryn Standifer, appeals from his conviction on one count of failure to comply with an order or signal of a police officer. On March 3, 2022, Standifer's appointed counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating there were no issues with arguable merit to present on appeal. Counsel raised one potential assignment of error, i.e., that the trial court erred in sentencing Standifer to a maximum prison term, which was contrary to law. However, counsel found no arguable merit in the claim.

{¶ 2} On March 11, 2022, we ordered that the record be supplemented with the presentence investigation ("PSI") report, the victim impact statement, and any other records the trial court reviewed for sentencing. We also notified Standifer on March 14, 2022, that his counsel found no meritorious claim for review and gave him until May 13, 2022, to file a pro se brief assigning any errors. Standifer did not file a pro se brief. In addition, the State did not file a brief.

{¶ 3} After reviewing the entire record, including the PSI report, and conducting our independent *Anders* review, we find no issues with arguable merit for Standifer to advance on appeal. Accordingly, Standifer's counsel will be permitted to withdraw, and the judgment of the trial court will be affirmed.

## II. Facts and Course of Proceedings

{¶ 4} On July 12, 2021, an indictment was filed charging Standifer with failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), which is a third-degree felony. While Standifer initially pled not guilty to the charge, he then

entered into a plea agreement with the State on November 30, 2021.

**{¶ 5}** Under the agreement, Standifer would plead guilty as charged, a PSI would be conducted, and the State would remain silent at sentencing. Transcript of Proceedings (Plea) ("Tr.1"), p. 4. As a result, Standifer pled guilty to having violated R.C. 2921.331(B) and (C)(5)(a). *Id.* at p. 3.

**{¶ 6}** R.C. 2921.331(B) states that "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." As relevant here, R.C. 2921.331(C)(5)(a) further provides that "A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt: * * * (ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."

**{¶ 7}** According to the facts presented during the plea hearing, Trooper Huguley observed a vehicle traveling 86 miles per hour in a 70-mile per hour zone. Huguley followed the vehicle and observed it run a red light. When Huguley activated the cruiser's overhead lights, the vehicle failed to stop. The driver (Standifer) then committed a number of infractions like failing to stop at a stop sign, traveling left of center, and maintaining a course of travel in the opposite lane. Tr. 1 at p. 4. After traveling at increasing speeds, Standifer failed to negotiate a curve and traveled off the road into a cemetery. The vehicle went airborne, struck multiple tombstones, and stopped. *Id.* After fleeing the scene, Standifer was apprehended and admitted he had been driving the vehicle. *Id.*

{¶ 8} The trial court fully advised Standifer of his rights, accepted the guilty plea, and ordered a PSI. The court also set sentencing for December 22, 2021. *Id.* at p. 5-11. During the sentencing hearing, the court noted that it had received and reviewed the PSI report. Transcript of Proceedings (Disposition) ("Tr. 2"), p. 3. The State remained silent at sentencing, as it had agreed to do. *Id.* at p. 7. Standifer and his counsel then made statements in mitigation, which essentially involved Standifer's prior alleged mistreatment at the hands of police and a resulting injury. Fear of the police apparently prompted his failure to stop when required to do so. *Id.* at p. 3-7 and 7-10.

{¶ 9} The trial court did not make specific findings during the sentencing hearing other than observing that Standifer had reached speeds of 100 miles per hour and had crashed his car. *Id.* at p. 11. The court then sentenced Standifer to three years in prison (the maximum term) and a 10-year driver's license suspension. *Id.* This timely appeal followed.

II. Discussion and Conclusion

{¶ 10} In an *Anders* review, we are required to decide "after a full examination of all the proceedings," whether an appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. *See also Penson v. Ohio*, 488 U.S. 75, 84-85, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Issues are not frivolous simply because the State "can be expected to present a strong argument in reply." *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Instead, an issue lacks arguable merit "if on the facts and law involved, no responsible contention can be made that it offers a basis for

reversal." *Id.*

**{¶ 11}** After conducting an independent review of the record pursuant to *Anders*, we agree with Standifer's appellate counsel that, based on the facts and relevant law, there are no issues with arguable merit to present on appeal. As noted, counsel did raise a potential issue that the maximum sentence was contrary to law, but rejected it because the trial court made the appropriate findings in its judgment entry. Appellant's Brief at p. 2-3.

**{¶ 12}** In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, the Supreme Court of Ohio "clarified an appellate court's review of a felony sentence under R.C. 2953.08(G)(2)." *State v. Litteral*, 2d Dist. Clark No. 2021-CA-10, 2022-Ohio-1187, ¶ 21. "In *Jones*, the court held that 'R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.' " *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 17, quoting *Jones* at ¶ 39.

**{¶ 13}** "In so holding, the Supreme Court explained that 'an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is "otherwise contrary to law" as that term is used in R.C. 2953.08(G)(2)(b).' " *Id.*, quoting *Jones* at ¶ 32. "Therefore, pursuant to *Jones*, an appellate court errs if it relies on the dicta in *Marcum* and modifies or vacates a sentence 'based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12.' " *Id.*, quoting *Jones* at ¶ 29, and referencing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

{¶ 14} We also stressed in *Dorsey* that "[a]s a result of the Supreme Court's holding in *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *Id.* at ¶ 18. In this regard, we emphasized that " '[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.' " *Id.*, quoting *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 15} Here, Standifer's sentence, while the maximum, was within the statutory range for the crime. *See* R.C. 2929.14(A)(3)(a) and (b). There is also no requirement for courts to make " 'any particular finding before imposing the authorized maximum sentence.' " *State v. Curtis*, 2d Dist. Miami No. 2021-CA-19, 2022-Ohio-1691, ¶ 22, quoting *State v. Loffing*, 2d Dist. Clark No. 2021-Ohio-CA-44, 2022-Ohio-408, ¶ 9. " 'The trial court has full discretion to impose any sentence within the authorized statutory range[.]' " *Id.*, quoting *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.).

{¶ 16} The trial court also did not fail to consider the matters set forth in R.C. 2929.11 and R.C. 2929.12, because, as counsel noted, the judgment entry said the court had considered these points. *See* Judgment Entry of Conviction/Warrant for Removal (Dec. 22, 2021), p. 1. Furthermore, "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 20, quoting *State v. Wilson*, 129 Ohio St.3d 214,

2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Accordingly, we agree with Standifer's counsel that the potential assignment of error has no arguable merit.

{¶ 17} A point not mentioned by Standifer's counsel, but related to whether the sentence is contrary to law, is R.C. 2921.331(C)(5)(b)'s requirement that courts consider various factors "in determining the seriousness of an offender's conduct for purposes of sentencing the offender for a violation of division (B) of this section." These factors include: the pursuit's duration and distance; the rate of speed during the pursuit; if the offender failed to comply with stop lights and stop signs; the number of stop lights and stop signs violated; whether the offender used lighted lights when required; whether the offender committed moving violations during the pursuit, and if so, how many; and "[a]ny other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense." R.C. 2921.331(C)(5)(b)(i)-(ix).

{¶ 18} The trial court did mention some factors during the sentencing hearing like the rate of speed and that Standifer had crashed the car. Tr. 2 at p. 11. The court did not make findings on all factors, nor did it specifically reference this subsection of R.C. 2921.331 during the sentencing hearing or in the final judgment entry.

{¶ 19} Nonetheless, we find no arguable merit to this issue, because "[t]he court is not required by [R.C. 2921.331(C)(5)] or otherwise to state its consideration of those statutory factors on the record nor to make any specific finding in relation thereto." *State v. Anderson*, 8th Dist. Cuyahoga No. 83285, 2004-Ohio-2858, ¶ 22. *See also, e.g., State v. Yarbrough*, 2d Dist. Clark No. 2014-CA-67, 2015-Ohio-1672, ¶ 16 (rejecting the "proposition that a trial court must include reference to R.C. 2921.331(C)(5)(b) factors in

its judgment entry or during the sentencing hearing. Indeed, case law holds to the contrary - there is no requirement for the court to make any specific finding in relation to R.C. 2921.331(C)(5)(b)"); *State v. Wingate*, 3d Dist. Hardin No. 6-20-07, 2020-Ohio-6796, ¶ 23 (same). Furthermore, "absent any indication that the trial court did not consider these factors, we presume that the trial court acted properly." *Yarbrough* at ¶ 17, citing *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988).

{¶ 20} There is no indication here that the trial court failed to consider the factors; in fact, the court expressly mentioned them, even if it did not cite the statute. In addition, the court said it had considered the PSI report. Tr. 2 at p. 3.

{¶ 21} The PSI report included the Ohio State Highway Patrol Investigative Notes about the incident. According to the notes, the pursuit lasted some time. It included an exit from Interstate 70 onto State Route 41, a further turn onto Titus Road, and then another turn onto Fletcher Chapel Road, where the vehicle ultimately failed to negotiate a curve and went airborne into a cemetery, crashing into several headstones. During the pursuit, Standifer's vehicle traveled at a high rate of speed, violated one red light and a stop sign, went left of center to pass a pickup truck, and committed numerous other traffic violations. PSI Report, Investigative Notes, p. 1. Standifer also turned off the vehicle's lights during the pursuit. *Id.* In addition to the danger caused to the occupants of the pickup truck and to the pursing officer, both Standifer and his passenger sustained injuries in the crash and were taken to the hospital. *Id.* Standifer also drove the vehicle without the permission of the registered owner and was driving under suspension. *Id.* at p. 2.

**{¶ 22}** Furthermore, Standifer was on community control at the time, in lieu of a potential nine-year sentence in Franklin County, and he had three prior felony convictions, including a second-degree robbery conviction. Standifer had also had his probation revoked in two prior misdemeanor cases, which resulted in substantial jail time. PSI Report, p. 3-4; Tr. 1 at p. 6-7.

**{¶ 23}** In view of the above discussion, there is no arguable merit in the contention that the sentence was contrary to law, and the appeal is wholly frivolous. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Ian A. Richardson
Thomas W. Kidd, Jr.
Cameryn Standifer
Hon. Douglas M. Rastatter