[Cite as *State v. Fiske*, 2024-Ohio-5467.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. 24CA10 |
| | : | |
| MELVIN FISKE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Knox County Court of
Common Pleas, Case No. 21CRI00223

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     November 20, 2024

APPEARANCES:

For Plaintiff-Appellee:

CHARLES T. MCCONVILLE
KNOX CO. PROSECUTOR
CHRISTINE C. WILLIAMS
117 E. High St., Suite 23
Mount Vernon, OH 43050

For Defendant-Appellant:

TODD W. BARSTOW
261 W. Johnstown Rd., Ste. 204
Columbus, OH 43230

*Delaney, P.J.*

{¶1} Appellant Melvin Fiske appeals from the June 7, 2024 Sentencing Entry of the Knox County Court of Common Pleas. Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2} This case arose on October 1, 2021, around 1:30 a.m., when Deputy Guthrie of the Knox County Sheriff's Department was monitoring traffic around a residence believed to be the location of drug trafficking. Guthrie's attention was drawn to two parked vehicles; the SUV pulled out of the driveway of the suspect residence and Guthrie followed it out of the Mount Vernon city limits and onto State Route 229.

{¶3} The vehicle took off at a high rate of speed and a pursuit ensued throughout Knox County. The roads were described as hilly "country roads," with numerous curves and potential hazards such as Amish buggies. Guthrie clocked the speed of the vehicle as high as 101 miles per hour during the pursuit. The lights and siren of Guthrie's cruiser were engaged throughout the pursuit.

{¶4} Guthrie observed the vehicle travel left of center several times. He called in the license plate and learned the vehicle was registered to appellant's wife and that appellant had an outstanding felony warrant.

{¶5} Sgt. Selby joined the pursuit as it entered Morrow County. Eventually the vehicle stopped in the village of Sparta and appellant was identified as the driver with one female passenger, Tess Akers. Appellant was arrested at gunpoint.

{¶6} Appellant testified on his own behalf and claimed he was not aware of the pursuit until shortly before he arrived in Sparta; he was on the phone with his wife using earbuds, preventing him from hearing deputies' sirens.

{¶7} In rebuttal, appellee presented a letter from appellant to Akers that was found in her jail cell, imploring her to "stick to the story" and promising to reward her with a car. The letter outlined the exculpatory story appellant devised.

{¶8} Appellant was charged by indictment with one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the third degree.[1] Appellant entered a plea of not guilty and the matter proceeded to trial by jury. Appellant was found guilty as charged with the further finding that appellant's operation of the motor vehicle caused a substantial risk of serious physical harm to persons or property. The trial court imposed a prison term of 30 months and a lifetime suspension of appellant's driver's license.

{¶9} Appellant now appeals from the trial court's judgment entry of conviction and sentence.

{¶10} Appellant raises two assignments of error:

## ASSIGNMENTS OF ERROR

{¶11} "I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF FAILURE TO COMPLY WITH ORDER OR SIGNAL OF POLICE OFFICER, AS THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

---

[1] Appellant was also charged with two misdemeanor counts: carrying a concealed weapon and receiving stolen property. Appellee later dismissed both counts.

{¶12} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM IN CONTRAVENTION OF R.C. 2921.331."

**ANALYSIS**

I.

{¶13} In his first assignment of error, appellant argues his conviction upon one count of failure to comply is not supported by sufficient evidence and is against the manifest weight of the evidence. We disagree.

{¶14} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 1997-Ohio-52, , paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259 (1991), at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶15} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must

be overturned and a new trial ordered." *Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶16} Appellant was found guilty upon one count of failure to comply pursuant to R.C. 2921.331(B), which states: "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." Appellant argues he was distracted by a phone call through his ear buds, preventing him from hearing the officers' sirens.

{¶17} Appellant's argument is supported only by his own self-serving testimony and is contradicted by appellee's ample compelling evidence. Appellant's claim to be "unaware" of the pursuit is tailored to fit the charge but defies common sense; how could a driver and passenger remain unaware they were the subjects of a police pursuit in the middle of the night throughout the twists and turns of "Amish country" roads? Appellee's rebuttal evidence--the jail letter to Akers--reinforces appellee's position that the earbuds phone call is a convenient story to match the elements of the offense.

{¶18} Appellee presented evidence that appellant traveled at very excessive speeds from Knox County to Morrow County with two deputies in pursuit, both utilizing lights and sirens. Even if appellant failed to hear the sirens, it is unlikely he never glanced in his rearview mirror and noticed the officers' lights.

{¶19} The jury could reasonably believe appellee's evidence and discount appellant's self-serving testimony. The weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 2002-Ohio-2126, ¶ 79.

{¶20} Upon our review of the record, appellant's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. The first assignment of error is overruled.

II.

{¶21} In his second assignment of error, appellant argues the trial court erred in sentencing him in contravention of R.C. 2921.331.  We disagree.

{¶22} Upon his conviction of one count of failure to comply, appellant was subject to sentencing pursuant to R.C. 2921.331(C)(5)(b), which states:

> (C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.
>
> ….
>
> (5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:
>
> ….
>
> (ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.
>
> (b) If a police officer pursues an offender who is violating division (B) of this section and division (C)(5)(a) of this section applies, the sentencing court, in determining the seriousness of an offender's conduct for purposes of sentencing the offender for a violation of division (B) of this section, shall consider, along with the factors set

forth in sections 2929.12 and 2929.13 of the Revised Code that are required to be considered, all of the following:

(i) The duration of the pursuit;

(ii) The distance of the pursuit;

(iii) The rate of speed at which the offender operated the motor vehicle during the pursuit;

(iv) Whether the offender failed to stop for traffic lights or stop signs during the pursuit;

(v) The number of traffic lights or stop signs for which the offender failed to stop during the pursuit;

(vi) Whether the offender operated the motor vehicle during the pursuit without lighted lights during a time when lighted lights are required;

(vii) Whether the offender committed a moving violation during the pursuit;

(viii) The number of moving violations the offender committed during the pursuit;

(ix) Any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense[.]

{¶23} In the instant case, the jury found appellant's operation of the motor vehicle caused a substantial risk of serious physical harm to persons or property. R.C. 2921.331(C)(5)(a)(ii). Appellant argues, though, that the trial court erred in failing to explicitly cite its consideration of the factors listed supra during sentencing.

{¶24} We have previously rejected appellant's argument, as have other courts; there is no requirement for the court to make any specific finding in relation to R.C. 2921.331(C)(5)(b), particularly when there is no evidence in the record that the trial court failed to do so. *State v. Nicholson*, 2016-Ohio-50, ¶ 22 (5th Dist.), citing *State v. Yarbrough*, 2015-Ohio-1672, ¶ 16 (2d Dist.); *State v. Owen,* 2008–Ohio-3555 (8th Dist.); *State v. Reed,* 2008–Ohio–6082 (10th Dist.); see also, *State v. Wingate*, 2020-Ohio-6796, ¶ 23 (3d Dist.); *State v. Standifer*, 2022-Ohio-2426, ¶ 19 (2nd Dist.); *State v. Webster*, 2023-Ohio-2637 (9th Dist.). We find no reason to re-examine established precedent on the facts of the instant case.

{¶25} Appellant's second assignment of error is overruled.

## CONCLUSION

{¶26} Appellant's two assignments of error are overruled and the judgment of the Knox County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Gwin, J. and

King, J., concur.