[Cite as *State v. Peoples*, 2025-Ohio-1016.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

　　　　　Plaintiff-Appellee,

- vs -

DAVID PEOPLES,

　　　　　Defendant-Appellant.

CASE NO. 2024-A-0070

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2024 CR 00246

# O P I N I O N

Decided: March 24, 2025
Judgment: Affirmed

*April R. Grabman*, Ashtabula County Prosecutor, and *Christine Davis*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*William C. Livingston*, Berkman, Gordon, Murray & Devan, 55 Public Square, Suite 2200, Cleveland, OH 44113 (For Defendant-Appellee).

ROBERT J. PATTON, P.J.

{¶1} Defendant-appellant, David Peoples ("appellant"), appeals from the judgment of the Ashtabula County Court of Common Pleas sentencing him to thirty (30) months in prison resulting from his guilty plea and subsequent conviction of failure to comply with order or signal of a police officer. Appellant argues that the trial court failed to consider the additional sentencing factors of R.C. 2921.331(C)(5)(b) during sentencing.

{¶2} Upon review, we conclude that the record illustrates that the trial court considered the R.C. 2921.331(C)(5)(b) factors when determining the seriousness of appellant's offense and in determining the appropriate sentence. While the trial court did

not cite the statute, there is no indication that the trial court failed to consider the factors under R.C. 2921.331(C)(5)(b). As such, appellant's sentence is not contrary to law.

{¶3} The judgment of the Ashtabula County Court of Common Pleas is affirmed.

**Substantive and Procedural History**

{¶4} On June 6, 2024, the Ashtabula County Grand Jury returned a four-count indictment charging appellant with felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1)&(D)(1)(a) (Count 1); domestic violence, a third-degree felony in violation of R.C. 2919.25(A)&(D)(4) (Count 2); disrupting public services, a fourth-degree felony, in violation of R.C. 2909.04(A)(1)&(C) (Count 3); and, failure to comply with an order or signal of a police officer, a third-degree felony, in violation of R.C. 2921.331(B)&(C)(5)(a)(ii) (Count 4).[1]

{¶5} On June 12, 2024, appellant entered a plea of not guilty to the charges at arraignment. Bond was modified to $100,000 cash, surety, or ten percent.

{¶6} On July 26, 2024, appellant appeared with counsel, waived his rights, and pleaded guilty to Count 4 of the indictment, failure to comply with order or signal of a police officer. The remaining charges in the indictment were dismissed.

{¶7} The State offered the following factual basis at the plea hearing:

> On May 9th of this year, Conneaut Police were dispatched to the middle of the roadway near 770 Furnace Road. An officer located a female at the scene, who had blood on her face pointing at her car as it was driving away. An officer stayed with the victim, while another officer chased the defendant in the car.
>
> The officer activated lights and sirens in an attempt to stop the car, the defendant increased his speed to approximately 65 to 70 miles per hour in order to avoid capture. After passing

---

1. This case was bound over from the Conneaut Municipal Court on May 30, 2024.

2

Case No. 2024-A-0070

Bailey Road, the defendant came upon two cars traveling in the opposite direction and veered off the road to the right, striking a railroad crossing sign and the vehicle flipped over, I think more than once. I believe the defendant was also ejected from the automobile. And this happened in the City of Conneaut and Ashtabula County and State of Ohio.

**{¶8}** The trial court accepted appellant's guilty plea and a presentence investigation ("PSI") was ordered.

**{¶9}** A sentencing hearing was held on August 27, 2024. The trial court sentenced appellant to a prison term of thirty (30) months. The trial court also ordered restitution in the amount of $3,726 and imposed a mandatory Class II driver's license suspension for a period of eight (8) years.

**The Appeal**

**{¶10}** Appellant timely appeals and raises a single assignment of error for review: "The trial court erred in imposing Appellant's sentence because it failed to consider all of the required sentencing factors. (T.d. 34, August 27, 2024, Judgment Entry)."

**{¶11}** "R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, it 'may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand . . . if it clearly and convincingly finds . . . [t]hat the sentence is . . . contrary to law.' " *State v. Lamb*, 2023-Ohio-2834, ¶ 9 (11th Dist.), citing R.C. 2953.08(G)(2)(B); *State v. Meeks*, 2023-Ohio-988, ¶ 11 (11th Dist.). See also *State v. Gwynne*, 2023-Ohio-3851, ¶ 11. " '[A] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors

3

set forth in R.C. 2929.12.' " *Lamb* at ¶ 10, quoting *State v. Shannon*, 2021-Ohio-789, ¶ 11 (11th Dist.).

**{¶12}** It is clear from a review of the record that appellant's sentence is within the statutory range for the offense. Appellant does not dispute that the trial court specifically mentioned both R.C. 2929.11 and R.C. 2929.12. Instead, appellant argues that his sentence is contrary to law because the trial court did not mention the sentencing factors contained in R.C. 2921.331.

**{¶13}** Appellant was convicted of failure to comply with order or signal of a police officer, a violation of R.C. 2921.331(B)&(C)(5)(a)(ii). In addition to the other sentencing guidelines, R.C. 2921.331(C)(5)(b) provides additional factors that a sentencing court must consider when determining the seriousness of an offender's conduct.

**{¶14}** R.C.2921.331(C)(5)(b) provides:

> If a police officer pursues an offender who is violating division (B) of this section and division (C)(5)(a) of this section applies, the sentencing court, in determining the seriousness of an offender's conduct for purposes of sentencing the offender for a violation of division (B) of this section, shall consider, along with the factors set forth in sections 2929.12 and 2929.13 of the Revised Code that are required to be considered, all of the following:
>
> (i) The duration of the pursuit;
>
> (ii) The distance of the pursuit;
>
> (iii) The rate of speed at which the offender operated the motor vehicle during the pursuit;
>
> (iv) Whether the offender failed to stop for traffic lights or stop signs during the pursuit;
>
> (v) The number of traffic lights or stop signs for which the offender failed to stop during the pursuit;

4

(vi)     Whether the offender operated the motor vehicle during the pursuit without lighted lights during a time when lighted lights are required;

(vii)    Whether the offender committed a moving violation during the pursuit;

(viii)   The number of moving violations the offender committed during the pursuit;

(ix)     Any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense.

{¶15}   "A sentencing court is not required to state its consideration of the R.C. 2921.331(C)(5)(b) statutory factors on the record, nor is it required to make any specific findings in relation thereto."  *State v. Rochester*, 2024-Ohio-5306, ¶ 45 (6th Dist.), citing *State v. Webster*, 2023-Ohio-2637, ¶ 20 (9th Dist.); see also *State v. Wingate*, 2020-Ohio-6796, ¶ 23 (3d Dist.). In *State v. Jackson*, 2015-Ohio-2608 (11th Dist.), this Court noted:

> In relation to the general sentencing factors of R.C. 2929.12, a trial court is only obligated to consider the relevant factors; there is no requirement to make specific findings or use specific language during the sentencing hearing. *State v. Long,* 11th Dist. No.2013–L–102, 2014–Ohio–4416, ¶ 79. In determining whether a trial court has fulfilled its duty under R.C. 2921.331(C)(5)(b), the appellate courts of this state have applied a similar standard. That is, a trial court is not required to state its consideration of the pertinent factors on the record or make specific findings on the factors. See *State v. Jordan*, 3rd Dist. Hardin No. 6–11–05, 2011–Ohio–6015, ¶ 16, quoting *State v. Anderson*, 8th Dist. Cuyahoga No. 83285, 2004–Ohio–2858, ¶ 22. Rather, it is only necessary for the record to show that the trial court was informed of the pertinent facts so that the court had an opportunity to consider them in light of the listed statutory factors. *Jordan*, at ¶ 17–19; *State v. Blanton*, 2nd Dist. Montgomery No. 23745, 2010–Ohio–6212, ¶ 28–30.

*Id.* at ¶ 21.

5

Case No. 2024-A-0070

{¶16} Appellant relies on *State v. Oliver*, 2008-Ohio-6371 (7th Dist.) in support of his argument. At first blush, the instant case appears to be consistent with *Oliver*. In *Oliver,* the trial court stated that it considered R.C. 2929.11 and R.C. 2929.12, but it failed to expressly mention the factors enumerated in R.C. 2921.331. *Id.* at ¶ 32. Likewise, during appellant's sentencing hearing, the trial court also stated that it considered R.C. 2929.11 and R.C. 2929.12 but did not specifically mention the R.C. 2921.331 factors.

{¶17} The similarities between *Oliver* and the case sub judice end there. In *Oliver*, there were no facts presented at the sentencing hearing*.* The Seventh District Court of Appeals concluded, "[w]ithout any facts and a clear indication that it considered the factors espoused in R.C. 2921.331(C)(5)(b), the trial court erred when it sentenced Oliver." *Id.* Unlike in *Oliver*, the record in this case is replete with facts regarding the nine enumerated factors in R.C. 2921.331(C)(5)(b).

{¶18} The sentencing entry provides that "[a]fter consideration of the record, information presented by, or on behalf of, the Defendant, the Presentence Investigation Report, the prosecuting attorney, the victim's statement on the record, State's Exhibit 1, the Defendant's ability to pay financial sanctions, the Court, based upon the purposes and principles of sentencing factors as reviewed in detail while on the record (seriousness and recidivism)," the trial court determined that a prison term of thirty (30) months was appropriate.

{¶19} During the sentencing hearing, the court below stated that it reviewed the extensive PSI report including appellant's statements. The trial court noted that the PSI provided the court "with much information" in the matter and that it was "familiar with the facts of the offense pled to." The trial court expressly "considered the purposes and the

6

principles of the sentencing statutes, as the overriding purpose are to punish the offenders and to protect the public from future crime." Dkt. 42, T.p. Sentencing, p. 17-18. The trial court considered both recidivism and seriousness factors. The trial court noted appellant's substantial criminal record at the adult level which includes past misdemeanor and felony convictions. The trial court also stated "regarding factors here of seriousness, this is a serious felony, a felony three Failure to Comply with Order of a Police Officer, and your actions here caused a substantial risk of serious physical harm to persons or property for the offense that was pled to." Dkt. 42, T.p. Sentencing, p. 19.

{¶20} The PSI contained a recitation of the facts underlying appellant's conviction. It included details that appellant left the driveway in the vehicle and ignored requests by officers to stop. A pursuit followed from Furnace Road in Ashtabula County into Pennsylvania. Appellant was travelling at speeds in excess of 90 miles per hour. Appellant then struck a mailbox. During the pursuit, the vehicle appellant was driving lost a tire. Appellant continued to flee from police in the vehicle. After approximately three miles, appellant struck another vehicle before losing control. Appellant's vehicle rolled over approximately five to six times and appellant was ejected from the vehicle.

{¶21} This information, contained in the PSI, which was reviewed by the trial court, provided details of the duration and distance of the pursuit, the speed appellant was driving during the pursuit, and that appellant committed several moving violations during the pursuit. The trial court determined that appellant's actions were serious and caused a substantial risk of serious physical harm to persons or property. Therefore, there was evidence before the trial court regarding the enumerated factors in R.C. 2921.311.

7

**{¶22}** In a factually similar case, this Court concluded that "sufficient facts were before the court to support the conclusion that the trial court considered the sentencing factors in R.C. 2921.331(C)(5)(b) prior to imposing twenty-four months for the failure to comply." *Jackson*, 2015-Ohio-2608, at ¶ 25 (11th Dist.).

**{¶23}** In *Jackson*, the trial court also indicated during appellant's sentencing, that it reviewed the PSI report. That report contained descriptions of the pursuit which included details such as the duration of the chase, the speed of the vehicle; the distance the defendant travelled across county lines; and that the pursuit ended when Jackson crashed into another motorist after entering a busy intersection without stopping. *Id.* at ¶ 23.

**{¶24}** While it is best practice for trial courts to state in the judgment entry that the court considered the factors contained in R.C. 2921.331, a trial court is under no obligation to make specific findings. *Jackson*, 2015-Ohio-2608, at ¶ 25. *See also*, *State v. Rochester* 2024-Ohio-5306, ¶ 46 (6th Dist); *State v. Fiske*, 2024-Ohio-5467, ¶ 24 (5th Dist.), *State v. Yarbrough*, 2015-Ohio-1672, ¶ 16 (2d Dist.); *State v. Owen,* 2008-Ohio-3555 ¶ 49 (8th Dist.); *State v. Standifer*, 2022-Ohio-2426, ¶ 19 (2nd Dist.); *State v. Webster*, 2023-Ohio-2637, ¶ 21 (9th Dist.); *State v. Webb*, 2024-Ohio-4862 ¶ 18 (3rd Dist.).

**{¶25}** In this case, the trial court had facts and details about the offense in the record, including the statements by appellant and the assistant prosecutor, as well as the PSI. The trial court explicitly considered the PSI. As such, while not expressly stated, the record illustrates that the trial court considered the factors listed in R.C. 2921.331 (C)(5)(b) when determining the seriousness of appellant's offense and in determining the

8

appropriate sentence. In other words, there is no indication that the trial court failed to consider the factors under R.C. 29291.331(C)(5)(b). As such, appellant's sentence is not contrary to law.

{¶26} Appellant's sole assignment of error is without merit.

{¶27} The judgment of the Ashtabula County Court of Common Pleas is affirmed.

EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

9