[Cite as *State v. Perez*, 2025-Ohio-4725.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-T-0013 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| SAMUEL X. PEREZ, | |
| Defendant-Appellant. | Trial Court No. 2023 CR 00942 |

## OPINION AND JUDGMENT ENTRY

Decided: October 14, 2025
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Eric J. Cherry*, N.P. Weiss Law, 4070 Mayfield Road, South Euclid, OH 44121 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, Samuel X. Perez, appeals his sentence for failure to comply with order or signal of police officer. For the following reasons, Perez' sentence is affirmed.

***Substantive and Procedural History***

{¶2} On May 8, 2024, Perez pled guilty to the following charges: receiving stolen property (Count One), a felony of the fourth degree in violation of R.C. 2913.51(A) and (C); failure to comply with order or signal of police officer (Count Two), a felony of the

third degree in violation of R.C. 2921.331(B), (C)(1) and (5)(a)(ii); and resisting arrest (Count Four), a misdemeanor of the second degree in violation of R.C. 2921.33(A) and (D).

{¶3} On February 25, 2025, Perez was sentenced to serve a prison term of twelve months for Count One, eighteen months for Count Two, and thirty days for Count Four. The sentences for Counts One and Two were ordered to be served consecutively for an aggregate sentence of thirty months.

## Assignment of Error

{¶4} On appeal, Perez raises the following assignment of error: "The trial court erred as a matter of law by failing to demonstrate consideration of [R.C.] 2921.331(C)(5)(b) on the record."

## Standard of Review

{¶5} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing[,] … if it clearly and convincingly finds … [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(b). "'A sentence is contrary to law when it is "in violation of statute or legal regulations,"' such as where it falls outside of the statutory range for the offense or where the trial court fails to consider the purposes and principles of sentencing under R.C. 2929.11 and the factors in R.C. 2929.12." (Citations omitted.) *State v. Frasure*, 2025-Ohio-2922, ¶ 12 (11th Dist.).

Case No. 2025-T-0013

***Failure to Comply with Order or Signal of Police Officer***

{¶6}    The failure to comply with order or signal of police officer statute provides that "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."  R.C. 2921.331(B).  A violation of division (B) of the statute is a felony of the third degree when "[t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."  R.C. 2921.331(C)(5)(a)(ii).  "[T]he sentencing court, in determining the seriousness of an offender's conduct for purposes of sentencing the offender for a violation of division (B) of [R.C. 2921.331], shall consider, along with the factors set forth in sections 2929.12 and 2929.13 of the Revised Code that are required to be considered, all of the following:

> (i) The duration of the pursuit;
>
> (ii) The distance of the pursuit;
>
> (iii) The rate of speed at which the offender operated the motor vehicle during the pursuit;
>
> (iv) Whether the offender failed to stop for traffic lights or stop signs during the pursuit;
>
> (v) The number of traffic lights or stop signs for which the offender failed to stop during the pursuit;
>
> (vi) Whether the offender operated the motor vehicle during the pursuit without lighted lights during a time when lighted lights are required;
>
> (vii) Whether the offender committed a moving violation during the pursuit;

Case No. 2025-T-0013

(viii) The number of moving violations the offender committed during the pursuit;

(ix) Any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense.

R.C. 2921.331(C)(5)(b).

{¶7}   In order to comply with R.C. 2921.331(C)(5)(b), "a trial court is not required to state its consideration of the pertinent factors on the record or make specific findings on the factors." (Citations omitted.) *State v. Peoples*, 2025-Ohio-1016, ¶ 15 (11th Dist.). "Rather, it is only necessary for the record to show that the trial court was informed of the pertinent facts so that the court had an opportunity to consider them in light of the listed statutory factors." (Citations omitted.) *Id.*

{¶8}   Perez contends that "[t]he State did not place sufficient facts on the record to demonstrate that the trial court was aware of sufficient facts relevant to a consideration of §2921.331(C)(5)(b)." Brief of Appellant at 3; *State v. Oliver*, 2008-Ohio-6371, ¶ 32 (7th Dist.) ("without any facts and a clear indication that it considered the factors espoused in R.C. 2921.331(C)(5)(b), the trial court erred when it sentenced Oliver"), *abrogated on other grounds by State v. Haynes*, 2022-Ohio-4473.

**Perez has Waived the Issue of Compliance with R.C. 2921.331(C)(5)(b) on Appeal**

{¶9}   The State argues that Perez, by failing to raise any objection to the specific sentence relating to Count Two, has waived all but plain error on appeal. Brief of plaintiff-appellee at 5.

{¶10}  "It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or

Case No. 2025-T-0013

corrected by the trial court." *State v. Childs*, 14 Ohio St.2d 56 (1968), paragraph three of the syllabus. "When reviewing sentencing errors, the Supreme Court of Ohio has consistently held that a failure to object waives all but plain error." *State v. Devai*, 2013-Ohio-5264, ¶ 16 (11th Dist.); *see State v. Rogers*, 2015-Ohio-2459, ¶ 28 ("the failure to raise the allied offense issue at the time of sentencing forfeits all but plain error").

{¶11} "Under the plain-error doctrine, intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice." *State v. Bailey*, 2022-Ohio-4407, ¶ 8. "To prevail under the plain-error doctrine, [the appellant] must establish that 'an error occurred, that the error was obvious, and that there is "a reasonable *probability* that the error resulted in prejudice,' meaning that the error affected the outcome of the trial."'" (Citations omitted.) *Id.*

{¶12} In the present case, Perez claims that the information before the trial court was insufficient to allow it to consider the factors required by R.C. 2921.331(C)(5)(b). This is the sort of error described in *Childs* that could have been avoided or corrected if brought to the court's attention at the time of sentencing. However, it has been held that a defendant "would not have been aware that the trial court did not consider the factors until after the sentence was rendered," and, thus, the argument is not waived if no objection is raised. *Oliver*, 2008-Ohio-6371, ¶ 33 (7th Dist.). Moreover, this court has held that "[i]t is well settled that a sentence that is contrary to law is plain error and an appellate court may review it for plain error." *State v. Burrell*, 2024-Ohio-638, ¶ 14 (11th Dist.).

Case No. 2025-T-0013

{¶13} For present purposes, we find that the trial court did demonstrate that it considered the necessary factors when sentencing Perez for failure to comply. Accordingly, there is no error under either standard of review.

### The Trial Court Complied with R.C. 2921.331(C)(5)(b)

{¶14} Perez argues that the trial court did not make any reference to R.C. 2921.331(C)(5)(b) at the sentencing hearing or in the sentencing entry. Moreover, the circumstances of the failure to comply offense were not described at either the plea or sentencing hearings. Although the court is not required to state that it considered the required factors or make findings specific thereto, the court must at least have available information to allow it to consider the factors. *Oliver* at ¶ 32; *but see Peoples*, 2025-Ohio-1016, at ¶ 24 (11th Dist.) ("it is best practice for trial courts to state in the judgment entry that the court considered the factors contained in R.C. 2921.331").

{¶15} Contrary to Perez' argument, the trial court in the present case did have the necessary information to sentence Perez for failure to comply. The presentence investigation report contains the police reports of the responding officers which describe in detail the circumstances of the pursuit. At sentencing, the court stated that it had reviewed the presentence investigation report and confirmed that Perez' attorney had the opportunity to do the same. The sentencing entry reiterates the court's consideration of the report. The foregoing is sufficient to demonstrate compliance with the statute. *State v. Strong*, 2018-Ohio-5289, ¶ 18 (6th Dist.) ("At the sentencing hearing and in the journal entry, the trial court stated and confirmed that it had reviewed the PSI. We, thus, find the court had access to the facts set out in appellant's PSI.").

{¶16} The sole assignment of error is without merit.

Case No. 2025-T-0013

{¶17} For the foregoing reasons, we affirm Perez' sentence for failure to comply with order or signal of police officer. Costs to be taxed against the appellant.


ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2025-T-0013

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignment of error is without merit. The order of this court is that the judgment of the Trumbull County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE MATT LYNCH,
concurs

| **THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY** |
|---|
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case No. 2025-T-0013